(Reap. Dec. 10585)

GEHRIG, HOBAN & CO., INC. *v.* UNITED STATES

Entry No. 1019295, etc.

(Decided September 10, 1963)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the Court, as follows:

1. That this stipulation is limited to the items marked "B" and initialed WR (Examiner's Initials) by Examiner W. Rippner (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" annexed.

2. That the merchandise was imported on or after the effective date of the Customs Simplification Act of 1956 and is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521); and accordingly, appraisement was made under the provisions of Section 402(b) of the Tariff Act of 1930 as amended by said Customs Simplification Act.

3. That on or about the dates of exportation of the involved merchandise, the prices at which such or similar merchandise was freely sold or offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, were equal to the appraised values, less the item described on the invoices as "buying commission;" that said prices included the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States.

4. That the appeals enumerated on said Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the proper basis for appraisement of the articles in question, as hereinabove identified, is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and hold that such statutory value therefor is the appraised values, less the item described on the invoices as buying commission.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.